Everett W. MOSS
v.
The UNITED STATES.
No. 239–63.

United States Court of Claims.
Dec. 17, 1965.

Everett W. Moss, pro se.

Alfred H. O. Boudreau, Jr., Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges

PER CURIAM:

This case was referred pursuant to Rule 54(b) to Trial Commissioner Masting G. White with directions to make his recommendation for conclusions of law on defendant's motion for summary judgment. The commissioner has done so in an opinion filed August 9, 1965. Plaintiff has not requested review of the commissioner's opinion and recommendation for conclusion of law and the time for so doing has expired. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same, without oral argument, as the basis for its judgment in this case. Plaintiff is therefore not entitled to recover. Defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

OPINION OF COMMISSIONER

The plaintiff seeks in this action to recover compensation for what is alleged to have been overtime work performed as a Government employee in 1961. The defendant, after answering

the petition, has filed a motion for summary judgment on the basis of the agreed facts.

The papers on file with the court reflect an agreement between the parties with respect to the basic facts of the case. They are summarized in the next succeeding paragraph of this opinion.

The plaintiff in 1961 was serving as a General Attorney (Nationality) in the El Paso, Texas, District Office of the Immigration and Naturalization Service, United States Department of Justice. The plaintiff maintained his home in El Paso. During the period from July 14, 1961, to and including December 12, 1961, the plaintiff, in accordance with official instructions from higher authority, performed telephone stand-by duty in his home from time to time. Such duty was performed at night after regular daytime working hours, and on week-ends. It involved the requirement that the plaintiff be available in his home to answer any incoming telephone calls intended for the District Office of the Immigration and Naturalization Service. Although the plaintiff never actually received any official calls while performing stand-by duty in his home, he was restricted to the vicinity of his home telephone during the periods in question. The inference seems to be warranted that the plaintiff was not otherwise inhibited in his activities while on stand-by duty at home.

The petition alleges that the plaintiff performed 393 hours of stand-by duty at home, in addition to performing the duties of his regular position during the customary office hours. The answer asserts that the plaintiff performed only 284 hours of stand-by duty. However, this factual dispute between the parties is not material in so far as the pending motion is concerned, since the defendant contends in its motion for summary judgment that the plaintiff is not entitled to overtime compensation for any of the stand-by duty that he performed at home.

At the time involved in the plaintiff's claim, Section 201 of the Federal Employees Pay Act of 1945, as amended

by Section 203 of the Federal Employees Pay Act Amendments of 1954 (68 Stat. 1109; 5 U.S.C. § 911 (1958)) provided that "All hours of work officially ordered or approved in excess of forty hours in any administrative workweek performed by officers and employees * * * shall be considered to be overtime work," and must be paid for at rates specified in the section.

The question of whether stand-by duty performed by a Government employee in his home, during hours in excess of the regular 40-hour workweek, constituted compensable overtime work was considered by this court during its present term.

The case of Rapp v. United States, 340 F.2d 635, 167 Ct.Cl. 852 (1964), involved a claimant who, during the period involved in that litigation, was employed by the Federal Civil Defense Administration and its successor agency, the Office of Civil and Defense Mobilization. From time to time, he was required to act as a duty officer in his home, outside of regular business hours and in excess of the regular 40-hour workweek. While performing such a tour of duty, the claimant was required to be within hearing distance of his home telephone at all times, in order that he might receive for his agency warnings regarding natural disasters and either take appropriate action himself or telephone to higher authority and request advice as to the action that should be taken. Except for the requirement that he remain within hearing distance of the telephone, the claimant was free to eat, sleep, read, entertain friends, and otherwise enjoy his normal pursuits while acting as a duty officer at home. Theoretically, the claimant could have been disturbed at any hour of the night during a tour of stand-by duty at home, but there was no evidence of his ever having received any calls after 9:00 P.M.

The claimant in the Rapp case, like the plaintiff in the present case, sued for overtime compensation under Section 201 of the Federal Employees Pay Act of 1945, as amended. The court

indicated (at p. 642) that the criterion to be used in determining whether the claimant's stand-by duty at home constituted "hours of work" under the pertinent statutory provision was whether the time in question was spent predominantly for the employer's benefit or predominantly for the benefit of the claimant, citing Armour & Co. v. Wantock, 323 U. S. 126, 133, 65 S.Ct. 165, 89 L.Ed. 118 (1944). Applying this test to the facts of the case before it, the court held (at p. 642) that the tours of duty which the claimant performed at home were not "hours of work," within the meaning of Section 201 of the Federal Employees Pay Act of 1945, as amended, and that the claimant was not entitled to compensation for any of the time devoted to such tours of duty.

The plaintiff in the present case has not set out in the petition any allegation which, if proved, would take the present case outside the scope of the rule announced by the court in the Rapp case. Accordingly, it appears that the court's decision in the Rapp case is dispositive of the present case.

For the reason indicated above, it is my opinion that the defendant's motion for summary judgment should be allowed, and that the petition should be dismissed.