### Francis E. BEEUNAS

v.

### The UNITED STATES.

### No. 305–82C.

United States Claims Court.

March 4, 1983.

---

Mary A. Kelly, Haddonfield, N.J., for plaintiff.

Robert A. Reutershan, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Michael Sitcov, Dept. of the Treasury, Washington, D.C., of counsel.

## OPINION

MARGOLIS, Judge.

This is a civilian pay case which is before this Court on cross motions for summary judgment, submitted by the parties without oral argument. Plaintiff, Francis E. Beeunas, a special agent for the Bureau of Alcohol, Tobacco, and Firearms, Department of the Treasury (BATF), seeks an increase in his premium pay for irregular or unscheduled overtime, *i.e.,* administratively uncontrollable overtime (AUO) from 15 percent to 25 percent for the period March 1980 through May 1980. Plaintiff alleges that the decision by the BATF to pay him at the lower rate was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. Plaintiff contends that the BATF erroneously based his premium pay reduction solely on his failure to work sufficient AUO hours in the previous qualifying quarter. This Court holds for the Defendant.

This Court's scope of review in civilian pay cases is limited. Administrative action is reviewed only to ensure that there was substantial compliance with procedural requirements and that the action was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law. *Summers v. United States,* 648 F.2d 1324, at 1327 (Ct.Cl.1981), 648 F.2d 1324, 1326–1327 (1981).

Although pursuant to 5 U.S.C. § 5545(c)(2) (1976) premium pay is provided for on an annual basis, quarterly review and revision of premium pay is allowable. *Anderson v. United States,* 224 Ct.Cl. 716, 719–720 (1980); *Fix v. United States,* 177 Ct.Cl. 369, 377, 368 F.2d 609, 614 (1966). Determination of the premium pay rate for an upcoming quarter is based on the number of AUO hours worked in the previous qualifying quarter and on the amount of overtime the employee may reasonably be expected to perform in the future. 5 C.F.R. § 550.161(d) (1980). Extenuating circumstances such as sick leave, special details, office workload, and assignment to office duty may be considered in making this determination. Administrative Record (AR) at 35, 36. Employees are generally responsible for recognizing, without supervision, circumstances requiring administratively uncontrollable overtime. 5 U.S.C. § 5545(c)(2) (1976).

It is undisputed that Plaintiff had a weekly average of 6.2 hours of AUO during the qualifying quarter which, standing alone, entitled him to 15 percent premium pay in the upcoming quarter. 5 C.F.R. § 550.154(a)(2) (1980). A weekly average of over nine hours of AUO is required to entitle Plaintiff to a 25 percent premium pay. 5 C.F.R. § 550.154(a)(4) (1980). According to standard procedure, Plaintiff filed a monthly report of his AUO hours which was reviewed by his supervisor. BATF Order No. 2550.2(9) (1976). Plaintiff was warned by his supervisor that he was

facing a reduction in premium pay. AR at 7, 46. The only extenuating circumstance advanced by Plaintiff for the lower number of AUO hours during the qualifying quarter was that assignments requiring sufficient AUO hours were given to others. However, the record reflects that Plaintiff received assignments similar to other agents. AR at 46. The grievance examiner concluded that Plaintiff "seemingly had very little" extenuating circumstances. AR at 10. Thus, Plaintiff was aware of the deficiency and the potential for premium pay reduction, made no effort at correction, and advanced inadequate justification. Under these circumstances, it was not unreasonable for the BATF to expect that Plaintiff's performance in the upcoming quarter would be insufficient to qualify him for the 25 percent premium pay.

In summary, Plaintiff has failed to meet his burden under this Court's limited scope of review. The decision by BATF that Plaintiff was entitled to 15 percent premium pay during the relevant period is amply supported by substantial evidence, is neither arbitrary, capricious, nor an abuse of discretion, and is in accordance with the applicable statutes and regulations. Therefore, it is

ORDERED, that the Defendant's motion for summary judgment is granted. Plaintiff's cross motion for summary judgment is denied. The petition is to be dismissed by the Clerk.