Ralph SHEETS and Smith Hogan, Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 371–80C, 372–80C.

United States Claims Court.

March 11, 1983.

George Clyde Gray, Indianapolis, Ind., for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant. Gregory Burke, Veterans Administration, of counsel.

## MEMORANDUM OF DECISION

NETTESHEIM, Judge.

At the conclusion of oral argument, conducted in a conference call this date, the court orally announced its decision granting defendant's motion for summary judgment and denying plaintiff's cross-motion. The following memorializes that decision.

### FACTS

Plaintiffs filed their petitions with this court on July 21, 1980, seeking in Count I retroactive standby premium pay from 1967 through 1977,[1] pursuant to the Federal Employees' Pay Act, 5 U.S.C. § 5545(c)(1) (1976). Count II sought administratively uncontrollable overtime premium pay under 5 U.S.C. § 5545(c)(2).[2] Count III alleged that 5 C.F.R. §§ 550.141–43 (1977), arbitrarily and capriciously limited the Government's ability for standby premium pay and interfered with plaintiffs' fundamental right to travel, thereby infringing the due process clause of the U.S. Constitution. The cases were consolidated on November 18, 1980.

Both plaintiffs were heart-lung technicians with the Veterans Affairs Medical Center ("the VAMC") Indianapolis, Indiana, from 1967 to 1977. No dispute exists that these individuals relieved each other during their tenure, that no one else was available to relieve them, that they were required to remain on call 24 hours a day, and that their availability was critical to the success of emergency heart surgery. Each was issued a portable one-way radio with a paging device, which did not extend beyond a 20-mile range.

Plaintiffs do not dispute defendant's assertions that, while plaintiffs were "on call," their activities were restricted within a 20-mile radius; that, if VAMC was unable to contact them, they were not subject to disciplinary action; that VAMC records indicate from 1969 through 1977 ten overtime episodes totalling 34 hours for plaintiff Hogan, with 15 episodes totalling 51 hours for plaintiff Sheets. The "episodes" represented occasions when plaintiffs were called back to work that did not immediately proceed or follow their regular work schedule. Plaintiffs do not quarrel with defendant's assertion that they have been paid for all overtime, including the foregoing call-back episodes.

Also undisputed are plaintiffs factual contentions that, upon their retirement, they were replaced by two employees who were designated by VAMC to receive standby premium pay because their homes were designated as duty stations, although the replacements were issued the same one-way radios with pagers that plaintiffs utilized for the same purposes. The replacements performed the identical functions as plaintiffs.

Plaintiffs initially submitted their claims for retroactive standby compensation to the General Accounting Office which on May 22, 1979, issued denials because the record failed to substantiate performance of standby duty, in that plaintiffs were not restricted to their residences during the time they were on call, nor were their homes designated as duty stations.

### DISCUSSION

This court's review of the administrative decision denying additional compensation is restricted to ascertaining whether there was substantial compliance with pro-

---

1. Subsequently, in their cross-motion, plaintiffs defined this claim for the period July 21, 1974 (six years prior to the date of filing in this court), to their retirement in 1977.

2. Plaintiffs' cross-motion fails to brief either Counts II or III of their petition, and, as re-

quested by defendant, both claims are deemed abandoned. *Webco Lumber, Inc. v. United States,* 230 Ct.Cl. ——, 677 F.2d 860, 864 (1982); *Ulman v. United States,* 214 Ct.Cl. 308, 314, 558 F.2d 1, 4 (1977).

cedural requirements and whether the decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law. *E.g., Beeunas v. United States,* 1 Cl.Ct. 706 at 707 (1983) (MARGOLIS, J.), citing *Summers v. United States,* 227 Ct.Cl. 354, 357–58, 648 F.2d 1324, 1326–27 (1981).

As defendant pointed out in its closing brief filed on January 31, 1983, this court recently addressed a similar issue in *Allen v. United States,* 1 Cl.Ct. 649 (1983) (HARKINS, J.), *appeal noted* (Fed.Cir. Mar. 3, 1983), wherein summary judgment entered against claims by Deputy U.S. Marshals for premium pay during periods of back-up duty since 1976. The officers on primary duty were required to remain sober and were restricted to the range of a radio receiver, and those on back-up duty were required to remain within a radius of Baltimore, Maryland, which allowed them to respond to the duty officer's calls and, after 1980, when they were issued a radio receiver, within an approximate 35-mile range. Judge Harkins rejected the claims in part because under 5 C.F.R. §§ 551.431(a)(1), (b)(1) (1981), implementing the Fair Labor Standards Act, 29 U.S.C. §§ 207(a), (k) (1976) (the "FLSA"), time spent in an on-call status is not compensable when the employee is not restricted to his home and when he is allowed to carry an electronic device for purposes of keeping in contact, even though the employee is restricted to a reasonable call-back radius. 1 Cl.Ct. at 651 n. 5, quoting 5 C.F.R. § 551.431. Here, plaintiffs did not sue under the FLSA. Had they sued for the years 1975–77 after that act was amended to reach certain federal employees, Pub.L. 93–259, § 6c(1)(A), 88 Stat. 55, 60, the cited regulation would have been inapplicable, because it was issued on December 30, 1980, 45 Fed.Reg. 85,665 (1980), after plaintiffs had retired. Judge Harkins' decision thus is relevant only insofar as it rests on the Deputy Marshals' Federal Employees Pay Act claim.

Section 5545(c)(1) provides, as follows:

The head of any agency, with the approval of the Office of Personnel Management, may provide that—

an employee in a position requiring him regularly to remain at, or within the confines of, his station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work, shall receive premium pay for this duty . . . .

Pursuant to 5 C.F.R. § 550.143(b),

The words "at, or within the confines, of his station," in § 550.141 [implementing the pay authorization] mean one of the following:

\*　　\*　　\*　　\*　　\*　　\*

(3) *In an employee's living quarters, when designated by the agency as his duty station and when his whereabouts is [sic] narrowly limited and his activities are substantially restricted.* This condition exists only during periods when an employee is *required to remain at his quarters and is required to hold himself in a state of readiness to answer calls for his services.* This limitation on an employee's whereabouts and activities is distinguished from the limitation placed on an employee who is subject to call outside his tour of duty but may leave his quarters provided he arranges for someone else to respond to calls or leaves a telephone number by which he can be reached should his services be required. (Emphasis added.)

Under an unbroken series of decisions by our predecessor Court of Claims, standby pay has been held noncompensable under section 5545(c)(1) unless performed at the claimant's office or station. *Bowser v. United States,* 215 Ct.Cl. 168, 173–74 (1977); *Moss v. United States,* 173 Ct.Cl. 1169, 1172–73, 353 F.2d 746, 747–48 (1965); *Rapp v. United States,* 167 Ct.Cl. 852, 865, 340 F.2d 635, 642 (1964); *see Aldridge v. United States,* 202 Ct.Cl. 365, 370–71, 479 F.2d 1365, 1367–68 (1973). *Allen* is the latest case on point. 1 Cl.Ct. at 652.

Here, plaintiffs were not required to be either at their duty stations or at home during the period they were on call. Plaintiffs have thus failed as a matter of law to show legal justification for standby pay under the controlling statute and regulation.[3]

## CONCLUSION

Upon consideration of the foregoing, defendant's cross-motion for summary judgment is granted, plaintiffs' cross-motion is denied, and the petition is dismissed.

IT IS SO ORDERED.

Costs will not be assessed.

---

**3.** Defendant argued that regularity under section 5545(c)(1) is the key—*i.e.,* that the employee must be required regularly to remain at his home and that mobility within the 20-mile radius afforded by the paging device negated regularity. However, this appears to be an effort to distinguish plaintiffs' situation from that of their replacements. Under 5 C.F.R. § 550.-143(b), an employee's quarters must be designated as his duty station, *and* his whereabouts must be narrowly limited and his activities substantially restricted. The replacements were issued the same paging devices as plaintiffs, and, according to defendant's papers, their duties differed only in that they were required to be at home on alternate days, which means either (1) that restriction within the range of an electronic device becomes a "narrow limita-

tion"·or a "substantial restriction," which conflicts with the meaning of section 150.143(b), or (2) that plaintiffs' replacements do not qualify for standby pay. The latter view was shared with defense counsel at oral argument. This view is compelling in that defense counsel said that he equates leaving a telephone number where an employee can be reached with being issued a paging device. Defense counsel, however, also stated that VAMC subsequently had abolished the replacements' positions and contracted out this work. Whether the VAMC's munificence to plaintiffs' replacements is (or was) justified, and it appears not, plaintiffs' case is not aided, because they do not qualify for standby pay under the applicable law and regulation.