Booker T. CLAY, Thomas R. Hathcock, Tommy Gene Blaylock, Rickey Smith, Carl Ricks, Herbert Blaylock, David J. Seals, Joe Hudson and Robert Davidson, Plaintiffs,

v.

The CITY OF WINONA, MISSISSIPPI, Defendant.

Civ. A. No. WC 89-114-D-O.

United States District Court, N.D. Mississippi, W.D.

Dec. 14, 1990.

---

**2.** 718 F.Supp. at 484.

**3.** Memorandum in Opposition to Motion for Remand, p. 27.

**4.** 718 F.Supp. at 483 (emphasis added).

William Liston, Alan D. Lancaster, Winona, Miss., Elizabeth L. Gillcrist, Jackson, Miss., for plaintiffs.

Luther P. Crull, Jr., George W. Weaver, Crull & Weaver, Winona, Miss., Walker W. Jones, III, C. Frances Corley, Phelps, Dunbar, Marks, Claverie & Sims, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Plaintiffs brought this action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.* The case is before the court on defendant's motion for partial summary judgment on the issue of liability for overtime compensation and liquidated damages.[1] The basis for defendant's motion is its contention that on-call or stand-by shifts are not compensable.

### Factual Background

Plaintiffs are firemen employed by the City of Winona. Plaintiffs work 24 hours on duty, followed by 72 hours off duty. Plaintiffs are required to remain on stand-by or on-call status for 24 hours after completion of their regular 24–hour shift. Plaintiffs are not required to remain at the fire station while on their stand-by shift. They are required to carry a pager and remain within hearing range of the pager. Plaintiffs are not required to remain in uniform while on the stand-by shift.

In the complaint and the response to the motion for partial summary judgment, plaintiffs allege that they are required to respond to the pager within five minutes or suffer reprimands or other adverse consequences. Defendants claim there was never a five minute response requirement-that the only requirement was that the plaintiffs get to the fire station as quickly and safely as possible. In their depositions, many of the plaintiffs denied the existence of the five-minute response requirement. (*See, e.g.,* Seals' dep. p. 32; Smith dep. p. 30–31; Blaylock dep. p. 38; Ricks' dep. p. 32–33). However, each plaintiff signed an affidavit submitted with the response that stated that they were required to respond to the page within five minutes. The court need not resolve this factual dispute since it finds the issue immaterial—i.e., that it makes no difference to the court's opinion.

Plaintiffs' ability to use and enjoy the stand-by time is testified to in the depositions. The facts are not disputed, but the interpretation placed upon the facts is contested. For instance, some of the plaintiffs worked at second jobs while on their stand-by shift. (See Ricks' dep. p. 38–40, 53; Clay dep. p. 13–18; Smith dep. p. 19–29). Other plaintiffs admitted using the stand-by time for their own personal pursuits. (Clay dep. p. 13–18; Seals' dep. p. 52).

It is undisputed that plaintiffs were free to exchange the stand-by duty with others without the approval of the fire chief. Although there was testimony in the depositions that people were good about substituting for others, (Seals' dep. p. 25–26), all the plaintiffs stated in an affidavit that stand-by trades were difficult to accomplish.

1. The court commends the attorneys for both parties on the excellence of the briefs submitted relating to this matter.

The number of call-backs per fireman during the period of April 1, 1986 through September 20, 1989, is undisputed. Although plaintiffs prefer to discuss the matter in terms of collective call-backs, they do not dispute defendant's assertion that the number of call-backs per fireman while on stand-by time was less than three per month. Since a fireman worked seven 24-hour shifts within one month, that means that each fireman received less than one call-back per 24-hour shift. While there were more than 20 call-backs per month for the entire department, the court is of the opinion that it is more useful to assess the frequency of the call-backs in terms of individual firemen. Again, the court notes that the number of call-backs per fireman was less than three per month.

Plaintiffs are paid for actual hours worked during their stand-by shift and are paid premium overtime for each hour worked in excess of 212 hours during a 28-day work period.

Plaintiffs hired after April 1, 1986, were told of the stand-by requirement and the pay procedures. Of course, plaintiffs contend they were unhappy with the procedures and the lack of pay for the stand-by shift. They also contend that attempts were made to inform the city and city officials of their discontent with the current system.

In an attempt to show its good faith, the city cites several facts. First of all the city is in possession of the *Fair Labor Standards Handbook* as well as the monthly supplements to that handbook. Both Chief Travis T. McClure and Clerk Jean M. Nail signed an affidavit stating that they had verbally contacted the Department of Labor to obtain advice regarding the lawfulness of their system of pay. Furthermore, Chief McClure wrote Mr. Robert Brock of the Jackson, Mississippi division of the United States Department of Labor, Wage and Hour Division. Chief McClure asked the following question of Mr. Brock:

> The City of Winona has nine full-time firefighters. If a firefighter is on "stand-by", subject to duty call by a voice-tone pager, and free to do as he wishes, except he must remain within the Winona city limits (Aprx. 10 mile diameter), must he be paid for the "stand-by" time?

Mr. Brock replied:

> The enclosed Interpretative Bulletin, Part 785 sets forth the Wage–Hour position on hours worked. Section 785.17 concerns on-call time. "Stand-by" time is not work time unless the employee is so restricted that it cannot be used effectively for the employee's own purposes. A judgement in such a situation would be based on all the facts and, of particular importance, the response time allowed should a call be received. If the employee virtually has to stay in uniform in order to respond in the expected time, the stand-by time might be work time.

(Exhibits A and B to defendant's motion for partial summary judgment).

*Summary Judgment Standard*

Summary judgment should only be granted when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party must present its basis for the motion after which the non-moving party then has a duty to present enough evidence to create a factual dispute. *Celotex v. Catrett Corp.*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If there is sufficient evidence before the court that would allow a jury to return a verdict for the non-moving party, the motion for summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986).

It is not the function of this court to weigh the evidence and determine its credibility, but to decide whether there is a genuine issue for trial. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury determinations, not those of the judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216. The court must, however, determine

if the factual issues are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

## Conclusions of Law
### A. Stand–By Time

■ The Supreme Court has held that on-call or stand-by labor is compensable under the FLSA under certain circumstances. To determine whether the stand-by time is compensable, the court must look at the specific factual situation.

> We hold that no principle of law found either in the statute or in the Court decisions precludes waiting time for also being working time. We have not attempted to, and we cannot, lay down a legal formula to resolve cases so varied in their facts as are the many situations in which employment involves waiting time. Whether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropriate findings of the trial court. This involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances.

*Skidmore v. Swift & Co.,* 323 U.S. 134, 136–37, 65 S.Ct. 161, 162–63, 89 L.Ed. 124, 127–28 (1944). Further guidance on this issue is provided by 29 C.F.R. § 785.17 which provides:

> An employee who is required to remain on-call on the employer's premises or so close thereto that it cannot use the time effectively for its own purposes is working while "on-call." An employee who is not required to remain on the employer's premises but merely required to leave word at his home or with company officials where he may be reached is not working while on-call.

Further guidance is set forth in 5 C.F.R. § 551.431 (1989), which states:

> (a) An employee will be considered on duty and time spent on standby duty shall be considered hours of work if:
>
> (1) The employee is restricted to an agency's premises, or so close thereto that the employees cannot use the time effectively for his or her own purposes; or
>
> (2) The employee, although not restricted to the agency's premises:
>
> (i) Is restricted to his or her living quarters or designated post of duty;
>
> (ii) Has his or her activities substantially limited; and
>
> (iii) Is required to remain in a state of readiness to perform work.
>
> (b) An employee will be considered off duty and time spent in an on-call status shall not be considered hours of work if:
>
> (1) The employee is allowed to leave a telephone number or to carry an electronic device for the purpose of being contacted, even though the employee is required to remain within a reasonable call-back radius, or;
>
> (2) The employee is allowed to make arrangements such that any work which may arise during the on-call period will be performed by another person.

The specific issue herein is also addressed in regulation 553.221 of the Wage and Hour Division which states:

> An employee who is not required to remain on the employer's premises but is merely required to leave word at home or with company officials where he or she may be reached is not working while on-call. Time spent at home on-call may or may not be compensable depending on whether the restrictions placed on the employee preclude using the time for personal pursuits. *Where, for example, a firefighter has returned home after the shift, with the understanding that he or she is expected to return to work in the event of an emergency in the night, such time spent at home is normally not compensable.* On the other

hand, where the conditions placed on the employee's activities are so restricted that the employee cannot use the time effectively for personal pursuits, such time spent on-call is compensable.

29 C.F.R. § 553.221(d)(1989). The Supreme Court has indicated that such regulations merit some weight. *See Skidmore*, 323 U.S. at 140, 65 S.Ct. at 164, 89 L.Ed. at 129. The crucial inquiry, therefore, is whether the stand-by restrictions imposed upon the employees to the point that they could not use that time effectively for their own purposes.

Although the inquiry in this case is fact specific, that does not preclude the court from granting summary judgment when the material facts are undisputed. The court is required to look at prior precedent to determine whether the time is compensable. The Fifth Circuit has stated " *'[s]tare decisis* means that like facts will receive like treatment in a court of law.' Although each 'waiting time' case will have facts unique unto itself, the guidance available from previously decided cases is important." *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 374 (5th Cir.1987). *Brock* itself is very similar to the case *sub judice*. In that case, the employees of a gas pipeline system were on-call at night to make sure that the pumping stations were manned 24 hours a day. The employee on call was required to stay within hailing distance of the alarm and the pumping station. The court held that the stand-by time was not compensable because the majority of the on-call duty did not interfere with the normal activities of the employee in and around his home. *Id.* at 373–74. In making that determination, the court took into account the ability of the employees to trade on-call duty and the infrequency of the calls to the job site during the on-call duty. *Id.* at 373. Also important to the court's analysis is the fact that the employees and the employer had a "working agreement" that the stand-by time was not compensable. The employees knew the company's compensation policy when they accepted the job.

Another case in which the working agreement was a crucial issue is *Rousseau v. Teledyne Movible Offshore, Inc.*, 805 F.2d 1245, 1248 (5th Cir.1986), *cert. denied*, 484 U.S. 827, 108 S.Ct. 95, 98 L.Ed.2d 56 (1987). In *Rousseau*, barge employees worked seven days on the barge and seven days off the barge. The employees were only paid for the time actually spent working while on the barge. The off-time was not compensated even though the employees were not allowed to leave the barge during that time. The employees were rarely called upon to do any work during their off-time and were free to pursue personal activities as long as they remained on the barge. The court found that each employee knew of their requirement that they stay on the barge during their off-time and accepted it as a term of employment. Their dislike of the rule did not affect the validity of their agreement. The court stated that "continuance of employment can be evidence of an implied agreement to the terms of that employment." *Id.* (citing *Shepler v. Crucible Fuel Co.*, 140 F.2d 371, 374 (3rd Cir.1944)). *See also Allen v. Atlantic Richfield Co.*, 724 F.2d 1131 (5th Cir.1984).

Recently the Fifth Circuit addressed an employee's ability to effectively use waiting time for his own purposes in *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1413 (5th Cir.1990). In that case, assembly line workers who were sometimes required to wait more than 45 minutes before clocking in brought suit under the FLSA contending that the waiting time was compensable. While they were waiting, the employees were not required to remain on the employer's premises. The court did not articulate the specific reasons for its decision, but held that since the employees were not required to remain on the employer's premises, they could effectively use the waiting time for their own purposes.

Similarly, in *Halferty v. Pulse Drug Co.*, 864 F.2d 1185 (5th Cir.1989), plaintiff worked as a telephone dispatcher in her home from 5:00 p.m. until 8:00 a.m. and was required to answer a few telephone calls each night. During that time she was free to use that time for her own purposes as long as she answered the telephone

calls. She was free to leave her home as long as she had the calls forwarded to another telephone. The court held that she was not entitled to compensation for on-call time because she could use that time for her own purposes. *Id.* at 1189.

Plaintiffs cite *Renfro v. City of Emporia, KA,* 729 F.Supp. 747 (D.Kan.1990). That case also involves the attempt of firefighters to obtain compensation for stand-by duty. Like plaintiffs in this case, the firefighters were on-call for 24–hour periods, could trade shifts if they could accomplish a trade, and were restricted to the city limits as a practical matter. They were required to respond to a page within 20 minutes of receiving it or suffer reprimands. The firemen received three to five call-backs per 24–hour shift. The court held that the stand-by duty in that case was compensable. *Id.* The importance of the frequency of the call-backs is made clear in the following passage:

> The court finds that the frequency with which Emporia firefighters are subject to call-back readily distinguishes this case from cases which have held that on-call time is non-compensable. In many of those cases, the probability of an employee being called in, and thus, the probability of disruption of the employee's personal activities, was minimal.

*Id.* at 752. Likewise, the court finds the frequency of the call-backs to be a distinguishing factor in this case. Plaintiffs in this case were called back less than once per 24–hour shift. For that reason, the court does not find *Renfro* persuasive.

Plaintiffs also cite *Bright v. Houston Northwest Medical Center Survivor, Inc.,* 888 F.2d 1059 (5th Cir.1989) in support of the theory that the alleged five minute response time renders the employee unable to effectively use the stand-by time for his own purposes. In *Bright,* a hospital employee was required to wear a pager 365 days a year and report to the hospital within 30 minutes of receiving a page. The Fifth Circuit reversed the district court's entry of summary judgment for the defendant. However, rehearing *en banc* has been granted in that case and the panel's

decision has been vacated. *Bright v. Houston Northwest Medical Center Survivor, Inc.,* 898 F.2d 968, (5th Cir.1990). In any event, the court does not find that case persuasive. The crucial fact in that case was the lack of relief from the stand-by duty. Such fact is not present in the case *sub judice.*

After a thorough review of the preceding cases and federal regulations, the court is of the opinion that summary judgment on the issue of liability for stand-by time is appropriate. A jury could not reasonably conclude that the employees could not use the stand-by time for their own purposes. A decision to the contrary would violate the teachings of *Brock* and give different treatment to the same factual situations. Even if there was a five minute response time requirement, the court's decision would remain the same. The court does not find a five minute response time to be any more restrictive than the requirement that a telephone dispatcher stay in her home while on stand-by duty, *see Halferty,* 864 F.2d 1185, the inability of employees to leave a barge during stand-by time, *see Rousseau,* 805 F.2d 1245, or the requirement that an employee stay near his home within hailing distance of an alarm. *Brock,* 826 F.2d 369.

The record is replete with testimony from the plaintiffs that they did use this time for their own personal purposes. They held second jobs, dated, performed work around the home, and enjoyed other activities which did not require them to leave town. Furthermore, employees hired after the date that the pay system changed were aware that they would not be paid for stand-by duty. Each of those employees accepted that implied term of employment. *Brock,* 826 F.2d 369; *Rousseau,* 805 F.2d 1245. Therefore, the facts of this case lead the court to conclude that no reasonable juror could determine that the stand-by time was compensable. This conclusion is supported by 29 C.F.R. § 553.221(d) which specifically states that where "a firefighter has returned home after the shift, with the understanding that he or she is expected to return to work in the event of an emergency in the night, such time spent at home is

normally not compensable." Therefore, summary judgment is appropriate.

### B. Good Faith

██ The FLSA provides that an employer may be liable for liquidated damages in an amount equal to the unpaid minimum wages or the unpaid overtime compensation. 29 U.S.C. § 216(b) (Supp.1990). However, an employer may be excused from paying liquidated damages in certain situations.

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in Section 216 of [the FLSA].

29 U.S.C. § 260. The employer bears the burden of showing that the violation was in good faith and that he had reasonable grounds for believing that his actions did not violate the FLSA. *Donovan v. Bel–Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir.1985). The court is of the opinion that the employer has met this burden. Chief McClure contacted the Wage and Hour Division of the Department of Labor and submitted written hypotheticals regarding the factual situation as he saw it and requested a written response. Such a response was granted and his reliance thereon was justified. Furthermore, the chief and the clerk of the city read the *Fair Labor Standards Handbook* and the supplements thereto in an attempt to comply with the FLSA. Therefore, even if the court had found a violation under the facts of this case, it would exercise its discretion under § 260 and not award liquidated damages in this case.

An order in accordance with this memorandum opinion will issue.

### ORDER

Pursuant to a memorandum opinion entered this day, defendant's motion for partial summary judgment on the issue of liability for stand-by time is granted. All briefs, exhibits, affidavits, and other matters considered by the court in granting partial summary judgment are incorporated into the record.