William C. RENFRO, Alan R. Metchley and William L. Olson; Timothy L. Webb; Alan R. Metchley; Rick A. Clark; Gary W. Brammer; Lyle G. Armitage, IV; Larry D. Bess; Kelly R. Riggs; Bobby W. Fancher; Steven F. Kuhlmann; Charles A. Smith; Jesse C. Shaver; Gilbert Herrera; Keith L. Peres; David V. Kelly; Terence L. Kramer; William C. Renfro; James L. Wells; William L. Olson; Thomas A. Andrews; Jeffrey D. Hutcherson; E. Gene Bryant; Jerry Schrock; Cleo C. Strassey, Jr.; Maxwell A. Sielert; Richard L. Brickell; Larry D. Howard; Donald D. Cook, Jr.; David E. Cox; Richard M. Schlup, Jr.; Robert Binder; James A. Schuhardt; Thomas L. Alexander; James L. Compton; Plaintiffs,

v.

**CITY OF EMPORIA, KANSAS, Defendant.**

**Civ. A. No. 87–4038–S.**

United States District Court, D. Kansas.

Jan. 5, 1990.

Thomas A. Woodley, Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., Joseph W. Moreland, Blake & Uhlig, P.A., Kansas City, Kan., for plaintiffs.

Dale W. Bell, Guy, Helbert, Bell & Smith, Emporia, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment. Plaintiffs have moved for partial summary judgment on the issue of defendant's liability. Defendant has also moved for leave to file certain original depositions and exhibits thereto with the court. Upon examination of defendant's motion for leave to file these depositions, the court finds that such filing is not necessary to its decision in this matter; accordingly, defendant's request is denied. D.Kan. 210(g).

Plaintiffs, who are or were employed with the City of Emporia, Kansas Fire Department (hereafter, "firefighters"), filed this action on January 30, 1987, alleging that defendant City of Emporia (hereafter, "City") has failed to pay them overtime compensation for their rotational, on-call hours. Firefighters seek a declaratory judgment under 28 U.S.C. § 2201 and 2202, and compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter, "the Act" or the "FLSA"). The issue before the court on the parties' cross-motions is whether the firefighters' on-call hours constitute compensable hours worked under the FLSA.

The relevant facts are largely undisputed and may be briefly summarized as follows. The City of Emporia Fire Department employs forty-seven fire department personnel: four staff, nine officers and thirty-three firefighters. The normal number of persons scheduled per shift are: station one: one captain, one lieutenant and eight firefighters; station two: one captain, one engineer, and two firefighters. Firefighters are currently scheduled in nineteen day cycles of one hundred forty-four hours, with three shifts and ten firefighters per shift. Each firefighter is assigned a call-back number and is subject to call-back on a rotation basis on the day following a tour of duty; five firefighters are scheduled for mandatory call-back for station one and three for station two. The mandatory call-back periods are 24–hours in length. On-call personnel are called in when the number of people on duty falls below minimum staffing levels. According to the Emporia Manpower Strength Study for 1986, 44% of the time Emporia was operating its fire department at minimum acceptable staffing levels. Thus, if a unit was called out during those periods, additional personnel on call-back or on-call status could be called in to the station.

The firefighter on top of the call-back list will be called in more often than others, perhaps an average of four times per shift. The firefighters are currently called in via a paging system which has been in use since August 1986. One officer and eight firefighters are on mandatory call per day. When a firefighter is actually called in, overtime compensation is paid. Following a call, a firefighter can leave the station as soon as other personnel are back at the station, or otherwise available, or after receiving approval from the officer in charge. Call-ins range from zero to thirteen per day, but average approximately four or five per day; plaintiffs uniformly estimate call-ins average three to five per day and the average duration of a call-back at one hour. Firefighters are allowed to trade their mandatory on-call shifts with other firefighters; plaintiffs contend that as a practical matter such trades are rare and difficult to accomplish.

Firefighters who are subject to mandatory callback need not remain on the stationhouse premises but must be able to reach the firestation within twenty minutes of the time they are contacted. Firefighters

who are assigned to mandatory on-call time and who miss or are late for a call-back receive a "white slip." A white slip is a form of discipline which is considered in employee evaluations and may result in disciplinary action, including possible termination, if four or more white slips are received in a four month period. In addition to a white slip, firefighters who are late in responding to a page may also receive some form of extra duty, e.g., waxing fire trucks. Plaintiffs contend that firefighters are basically restricted to the city limits because of the distance limits of the pagers. Firefighters on mandatory call cannot use alcohol. Defendant contends that at the present time, eleven of the plaintiffs have secondary employment and engage in those occupations during their on-call time; plaintiffs contend that the "vast majority of firefighters cannot work while on call," given the requirements of on-call status (e.g., firefighters must be able to hear the pager, respond within 20 minutes, and remain at the station an hour or more when called in). Although on-call firefighters are free to engage in a variety of personal activities during their on-call time, plaintiffs contend that their personal activities are restricted while they are on on-call status (e.g., they must be able to hear the pager; they are hesitant to engage in group activities or activities which require expenditure of money since they might be called in at any time; they might have to hire babysitters while on call; they cannot leave town on trips).

After the City of Emporia became subject to FLSA requirements for its employees in April 1986, a task force was created to assess the impact of FLSA requirements on the City. Although firefighters were given the opportunity to discuss the on-call time issue with the task force, no agreement was reached between Emporia and the firefighters regarding on-call time compensation. Emporia maintains that its current policy of only compensating firefighters for those hours when firefighters are actually called in to the station does not violate FLSA requirements because firefighters are not required to remain on the premises while they are on-call and because

the firefighters are free to engage in personal activities during their on-call time, subject only to the requirement that they get to the stationhouse within twenty minutes of being paged. The firefighters contend that the FLSA requires compensation for mandatory on-call time under the circumstances of this case.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

In its summary judgment motion, Emporia makes three arguments in favor of its contention that the firefighters' mandatory on-call time is non-compensable. First, on-call firefighters are not required to remain on the premises; Emporia contends that the on-call time is used primarily for the

firefighters' personal benefit. Second, Emporia argues that the firefighters and the City have an implied agreement that compensation will not be paid for the on-call time for which the firefighters are not actually called in to the station. Defendant's third and final argument is that application of the FLSA to wages and hours of municipal firefighters "is a violation of traditional concepts of federalism unduly interfering with legitimate, traditional, local governmental entities;" accordingly, defendant requests that this court make a determination prohibiting the application of FLSA requirements in this case. Plaintiffs also move for summary judgment on the issue of defendant's liability under the FLSA.

■ As a threshold issue, the court will address defendant's argument that application of FLSA requirements to municipal firefighters is contrary to the Tenth Amendment. In *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the United States Supreme Court found that there was nothing in the minimum wage and overtime provisions of the FLSA that was destructive of state sovereignty or violative of any constitutional provision. In thus upholding application of FLSA standards to a municipal mass transit organization against Tenth Amendment challenge, the Court expressly overruled its earlier decision in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976) (which held that federal wage and hour regulation of state and municipal employees engaged in "traditional governmental functions" was prohibited by the Tenth Amendment). After *Garcia*, Congress established April 15, 1986 as the date on which states and their political subdivisions must begin to comply with the FLSA's overtime provisions. Pub.L. 99–150, 99 Stat. 787 (1985). Defendant argues that firefighters are distinguishable from mass transit employees in that subjecting the former to FLSA requirements would so impair local integrity that this court should find application of the FLSA in this context prohibited by the Tenth Amendment. The court finds, however, that coverage of city firefighters is within *Garcia;* thus, the court finds this argument to be without merit. *See e.g., Nixon v. City of Junction City*, 707 F.Supp. 473 (D.Kan.1988) (applying the FLSA to municipal police officers).

The Fair Labor Standards Act prohibits employers from employing persons for more than forty hours per week unless employees are paid overtime for additional hours worked. 29 U.S.C. § 207. Specifically, defendant is alleged to have violated 29 U.S.C. § 207(k), the maximum hours provision applicable to public law enforcement and fire protection agencies. The Act itself does not define which hours are compensable hours worked. For purposes of the Act, however, courts have defined work as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944).

■ The test applied by courts in determining whether on-call time is working time is whether the "time is spent predominantly for the employer's benefit or for the employee's." *Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944). *See also Boehm v. Kansas City Power & Light Co.*, 868 F.2d 1182, 1185 (10th Cir.1989). The test requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on-call time, and all surrounding circumstances. *Skidmore v. Swift & Co.*, 323 U.S. 134, 137, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944). According to the *Skidmore* Court, the degree to which an employee could engage in personal activity while subject to being called is critical in determining whether on-call time is working time. As the Court stated the matter, "[f]acts may show that the employee was engaged to wait, or they may show that he waited to be engaged." *Id.* Further, "[w]hether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropri-

ate findings of the trial court." *Id.* at 136–37, 65 S.Ct. at 162–63.

The Department of Labor has promulgated regulations applicable to on-call time for public employees to determine whether such hours are compensable under the FLSA. The regulations provide, in pertinent part, as follows:

§ 785.17 On-call time.

An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

29 C.F.R. Pt. 785.17.

§ 553.221 Compensable hours of work.

(b) Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises....

(c) Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits also constitutes compensable hours of work....

(d) An employee who is not required to remain on the employer's premises but is merely required to leave word ... where he or she may be reached is not working while on call. Time spent at home on call may or may not be compensable depending on whether the restrictions placed on the employee preclude using the time for personal pursuits. Where, for example, a firefighter has returned home after the shift, with the understanding that he or she is expected to return to work in the event of an emergency in the night, such time spent at home is normally not compensable. On the other hand, where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on call is compensable.

29 C.F.R. Pt. 553.221. While not binding on the court, the interpretation of an administrative agency charged with issuing regulations pursuant to a federal law has been held to be "entitled to great weight and the court may properly resort to them for guidance." *Wirtz v. Healy*, 227 F.Supp. 123, 130 (D.Ill.1964). *See also Skidmore*, 323 U.S. at 140, 65 S.Ct. at 164. In particular, the Tenth Circuit has recognized that the administrative regulations adopted pursuant to FLSA "are entitled to great weight and should not lightly be set aside." *Mitchell v. Greinetz*, 235 F.2d 621, 625 (10th Cir.1956).

■ Upon examination of the relevant authorities and the respective arguments and exhibits of the parties, the court finds that the firefighters' on-call time is compensable time under the FLSA. In support of this conclusion, the court finds that although the firefighters are not required to remain on stationhouse premises, the conditions of on-call status are so circumscribed that they restrict the employee from effectively using the time for personal pursuits. 29 C.F.R. Pt. 553.221(c). These conditions include that the firefighter must be able to hear the pager at all times; that the firefighter must be able to report to the stationhouse within twenty minutes of being paged or be subject to discipline; that the on-call periods are 24–hours in length; and, primarily, that the calls are frequent—a firefighter may receive as many as 13 calls during an on-call period, with a stated average frequency of 3–5 calls per on-call period. The court finds that under the circumstances of this case, with a 20–minute response time for each of 3–5 calls (as an average) during a 24–hour period with each call-in lasting one hour, along with the fact that firefighters are subject to discipline for late or missed calls, the employees' time is so restricted by the frequency of calls that employees cannot effectively use on-call time for their own purposes. From the facts presented to it, the court finds that the high probability of receiving a page while on-call, coupled with the uncertainty regarding precisely when such pages will occur, makes other employment very difficult, if not impossible, for the firefight-

ers while on-call. Further, plaintiffs have presented evidence that firefighters are effectively precluded from engaging in group activities or from activities requiring the expenditure of money because they must be able to "drop everything" and get to the stationhouse from their present location within the allotted 20 minutes or receive a "white slip." Firefighters have also stated that they must engage standby babysitters, assuming that they can find one, because they might be called away from their children. Firefighters frequently take two cars to events which they attend with their families because they may be called away to the stationhouse. Under these circumstances, which redound primarily to the employer's, rather than the employee's benefit, the court finds that the firefighters are "engaged to wait;" thus, the firefighters' on-call time on these facts is compensable under the Act.

The court finds that the frequency with which Emporia firefighters are subject to call-backs readily distinguishes this case from cases which have held that on-call time is non-compensable. In many of those cases, the probability of an employee being called in, and thus, the probability of disruption of the employee's personal activities, was minimal.[1] In particular, the court finds the Tenth Circuit Court of Appeal's recent decision in *Norton v. Worthen Van Serv., Inc.,* 839 F.2d 653 (10th Cir.1988), discussed in the parties' supplemental memoranda, distinguishable on its facts from the present case. In *Norton,* the Tenth Circuit held that under the facts of that case, waiting time of van drivers was not compensable time under the Act. In *Norton,* the frequency with which drivers would be subject to call-back during their "waiting period" was not stated. The *Norton* court did, however, state that if a driver responds to a call within two hours of his last call, he is compensated for his waiting time, unlike the plaintiff firefighters in this case who are not compensated for waiting time. Moreover, the drivers' shifts in *Norton* were only 8–12 hours, as opposed to 24–hours, in length; this shortened shift would make compensation more likely than in our case and the disruption of personal activities during the on-call period less likely than in the firefighters' case.[2]

The present case is also distinguishable from *Boehm v. Kansas City Power & Light Co.,* 868 F.2d 1182 (10th Cir.1989).

1. Two recent letter rulings of the Department of Labor Wage and Hour Division, support the court's interpretation that frequency of calls is an important consideration in determining the compensability of on-call time. In a March 12, 1987 letter ruling, finding firefighters' on-call time non-compensable under the Act under the particular circumstances presented in that case, the Administrator stated:

However, if such calls are so frequent that the employee is not really free to use the off-duty time effectively for the employee's own benefit, the intervening periods, as well as the time spent in responding to calls, would be counted as compensable hours of work.

Dept. of Labor, Wage and Hour Div., Ltr. Rul. (no number assigned) (March 12, 1987), *reprinted in,* Thompson Pub. Group, *Fair Labor Standards Handbook for States, Local Governments and Schools* 146 (appendices and index volume 1989). *See also* Dept. of Labor, Wage and Hour Div., Ltr. Rul. (no number assigned) (November 16, 1988), *reprinted in,* Thompson Pub. Group, *Fair Labor Standards Handbook for States, Local Governments and Schools* 237–38 (appendices and index volume 1989) (finding that on-call time for emergency medical technicians subject to a five-minute response time was compensable under the Act).

2. The court finds a somewhat similar case cited by defendant, *Pilkenton v. Appalachian Regional Hosp., Inc.,* 336 F.Supp. 334 (D.Va.1971), distinguishable for similar reasons. In that case, the court held that medical technicians were not entitled to compensation for time spent on standby shifts since the court found on the facts before it that the technicians were able to use the standby time effectively for personal benefit. Although the response time involved was the same in *Pilkenton* as in the present case, the number of calls actually received by the technicians varied widely: sometimes no calls were received, sometimes several, with the amount of time per call varying from 5 minutes to one hour. In addition, the court noted that frequently such calls were handled together, so that only one trip to the hospital was required. In contrast, the firefighters in the present case are much more likely to receive calls during the on-call period than were the technicians in *Pilkenton.* Moreover, the evidence is that each call to an Emporia firefighter necessarily entails an hour at the stationhouse. The court finds that the other cases cited by defendant in support of its position are so factually dissimilar as to be of little persuasive value in the present case.

In that case, which the Tenth Circuit found to be controlled by *Norton*, the Court of Appeals held that under the facts of *Boehm*, defendant's "call-out" policy was not so restrictive that the on-call time was primarily for the employer's benefit. In *Boehm*, linepersons for a power company were required to respond one-third of the time they were called to report for duty in the case of power disruptions due to storm or other emergency. In contrast to the present case, the linepersons in *Boehm* were only required to respond to one-third of the calls they received, rather than to every single call. Moreover, the *Boehm* opinion does not state how frequently such calls were received. Given the peculiarly fact-dependent nature of the determination of the issue involved in this case, i.e., whether call-in time is, under the particular circumstances, primarily for the employer's or the employee's benefit, and the factual distinctions between the present case and prior cases, the court finds that neither *Norton* or *Boehm* controls the disposition of the issue in this case.

The court further finds that the City of Emporia is the primary beneficiary of the current on-call scheme in that it is able to maintain minimum staffing levels without incurring expenditure either for additional firefighters or for overtime compensation for those firefighters who are on call. The court finds that there is no evidence from which to find an implied agreement on the part of the firefighters to serve on-call duty without compensation; the court thus rejects this contention of defendant. The court also finds that the nature of the employment involved in this case, i.e., fire protection, is relevant to determining the compensability of the firefighters' on-call time. *Handler v. Thrasher*, 191 F.2d 120, 122 (10th Cir.1951). Firefighters must be constantly vigilant to protecting the community from the threat of fires. This time spent lying in wait for threats to public safety may properly be considered a benefit to the employer community. *See Armour*, 323 U.S. at 133, 65 S.Ct. at 168; *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981, 985 (8th Cir.1952), *cert. de-*

*nied*, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 671 (1952).

The court therefore finds that its finding that the City of Emporia is liable for overtime compensation under the FLSA is supported by the uncontroverted facts of this case; further, such a finding is consistent with the purposes of the FLSA which include compensating employees for the burden of a workweek in excess of the hours fixed by the Act and creating financial incentives for employers to employ additional workers. *See, e.g., Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40, 65 S.Ct. 11, 13, 89 L.Ed. 29 (1944). The court therefore will grant plaintiff's motion for partial summary judgment on the issue of defendant's liability under the FLSA. Accordingly, defendant's motion for summary judgment will be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby denied.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment is granted on the issue of defendant's liability only. The parties will have sixty (60) days from the date of this order to resolve the issue of damages. If the parties have not reached an agreement at the end of the sixty-day period, the court will set the matter for hearing.