Gregory BERRY, Phillip Marcus, Dennis McAllister, Francis Oravetz, Plaintiffs,

v.

COUNTY OF SONOMA, Sonoma County Sheriff's Department, Sonoma County Board of Supervisors, Janet Nicholas, James Harberson, Time Smith, Nick Esposti, Ernest Carpenter, Richard Michaelson, Defendants.

No. C–89–4476 SAW.

United States District Court, N.D. California.

March 28, 1991.

**1056**

W. David Holsberry, Davis, Cowell & Bowe, San Francisco, Cal., for plaintiffs.

Geary, Shea, O'Donnell & Grattan, Santa Rosa, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

The question presented in this case is whether the Fair Labor Standards Act of 1938 ("the FLSA"), 29 U.S.C. §§ 201 *et seq.*, requires defendants to pay overtime compensation to plaintiffs for each hour spent "on-call" from December 1986 to the present. This action was brought by Gregory Berry, Philip Marcus, Dennis McAllister, and Francis Oravetz, current and former deputy coroners employed by the Sonoma County Sheriff's Department. Defendants are Sonoma County; Sonoma County Sheriff's Department; Sonoma County Board of Supervisors; Richard Michaelson, Sonoma County Sheriff, and Janet Nicholas, James Harberson, Tim Smith, Nick Esposti, and Ernest Carpenter, members of the Board of Supervisors. The parties have filed cross-motions for summary judgment.

Both sides have submitted a mountain of exhibits, declarations, and deposition excerpts in support of their respective motions, many of which are tangential, collateral, and duplicative. Due to the substantial factual record before the Court, some background is in order here.

### I. Background

The United States Supreme Court held in *Garcia v. San Antonio Metropolitan Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), that the FLSA applied to local governmental entities. In general, the FLSA requires that employers pay overtime compensation to employees for hours worked in excess of forty hours per workweek. 29 U.S.C. § 207(a). Because of their peculiar work schedules, however, the FLSA has established a special set of rules for fire protection and law enforcement employees. *See* 29 U.S.C. § 207(k).

Plaintiffs are "law enforcement" employees of the Sonoma County Sheriff's Department.[1] At all times relevant to this litigation, the Sheriff's Department has employed only three deputy coroners at any one time. Although the Coroner's Office's regular business hours are Monday through Friday, 8 a.m. to 5 p.m., coroners are required by California statute to respond to certain reported deaths twenty-four hours a day, seven days a week. *See* Cal. Gov't Code §§ 27491 *et seq.;* Cal. Health & Safety Code §§ 10250 *et seq.*

Pursuant to 29 U.S.C. § 207(k), the Sonoma County Sheriff's Department has established a fourteen-day work period. In each work period, plaintiffs are regularly scheduled to work eight ten-hour shifts, for a total of eighty hours. In addition, the coroners are required as a condition of their employment to work many extra hours on an "on-call" basis to fulfill the Coroner's Office's statutory obligation to be available at all times. One coroner is always on-call during after-business hours. For example, under the schedule in place since October 1990, approximately 71 hours per week are covered by the coroners on an on-call basis. These 71 hours are divided among the current coroners as follows: Mr. Berry works 30 hours per week on-call, Mr. McAllister works 20, and Mr. Oravetz works 21.[2] Prior to October 1990, approximately 60 hours per week were covered on an on-call basis.

In accordance with the FLSA, the County pays the coroners overtime compensation, at a rate of one and one-half times their regular pay, for all hours worked in excess of eight-six hours per work period. *See* 29

---

1. "Law enforcement activities" is defined in 29 C.F.R. § 553.211.

2. The fourth plaintiff, Mr. Marcus, left the employ of the Coroner's Office in November 1988.

U.S.C. § 207(k); 29 C.F.R. § 553.230(c). Plaintiffs receive overtime pay for all hours actually *worked* during their on-call time, but receive no compensation for hours spent on-call, but not working.

As discussed below, the precise manner in which the coroners are required to conduct their duties while on-call is disputed. It is safe to say that when certain categories of deaths are reported to the Coroner's Office after hours, the Sheriff's Department dispatcher contacts the on-call deputy coroner.[3] That coroner must be available by pager, telephone, or the two-way radio in the coroner's county vehicle to respond to any such inquiry or death report. The coroner is often able to answer these inquiries and handle investigations over the telephone. He is guaranteed a minimum of one hour's overtime compensation for on-call time spent on the telephone. Some reports require the coroner to "call back" to the Coroner's Office in Santa Rosa or to the death scene itself. Although the parties dispute the degree of flexibility the coroners have to deal with calls received during on-call hours, at a minimum it can be said that the frequency and unpredictability of these calls circumscribes the coroners' ability to participate in personal activities and often disrupts their sleep.

Plaintiffs contend that because of the excessive restrictions on their freedom to engage in personal pursuits during their on-call hours, these hours count as "hours worked" under the FLSA. Accordingly, they urge the Court to award them back-pay for *all* hours worked on-call, liquidated damages, and attorney's fees. Defendants counter that under the circumstances of this case, plaintiffs are entitled to compensation solely for on-call hours actually spent responding to calls.

## II. Discussion

A district court may grant summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c). Whether there is any genuine dispute as to any material fact in the instant action presents a very close question. After reviewing hundreds of pages of evidence, the Court concludes that summary judgment is not appropriate because the parties dispute several facts regarding the coroners' responsibilities during their on-call tours of duty and the attendant restrictions placed on their ability to engage in personal activities during these hours.

■ In interpreting the FLSA, the United States Supreme Court has long held that waiting time, standby time, and on-call time may be compensable under certain circumstances. *See, e.g., Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944); *Armour & Co. v. Wantock*, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944). The test this Court must apply in ascertaining whether on-call time is compensable under the FLSA is "[w]hether time is spent predominantly for the employer's benefit or for the employee's." *Armour*, 323 U.S. at 133, 65 S.Ct. at 168. This is a question "dependent upon all the circumstances of the case." *Id.* In other words, the facts may show that the employee was "engaged to wait" or "waited to be engaged." *Skidmore*, 323 U.S. at 137, 65 S.Ct. at 163. This is a highly fact-driven test.

The regulations promulgated by the Department of Labor have not added much to the Supreme Court's general test. *See* 29 C.F.R. §§ 785.14–785.17; 29 C.F.R. § 553.221(d). These regulations establish that on-call time is compensable when the resulting conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits. § 785.17; 553.-221(d). The Court is not bound by these regulations, but consults them for guidance. *Skidmore*, 323 U.S. at 140, 65 S.Ct.

---

**3.** Section 27491 of the California Government Code describes those deaths requiring a coroner

inquiry. Generally speaking, the coroner must

at 164.[4]

The Supreme Court's holding in *Garcia v. San Antonio Metropolitan Transit Auth.* that the FLSA applies to local governments has spawned a number of cases similar to this one in which firefighters and law enforcement officers have sought pay for on-call time—although this is the first such case to arise in this Circuit. Due to the case-by-case analysis such cases require, these other decisions are of limited use here. Moreover, courts have considered similar fact situations and reached quite different results. *Compare Clay v. City of Winona,* 753 F.Supp. 624 (N.D. Miss.1990) (24–hour on-call firefighter shifts not compensable despite 5–minute response time and restrictions on personal pursuits) *with Renfro v. City of Emporia,* 729 F.Supp. 747 (D.Kan.1990) (24–hour on-call firefighter shifts compensable due to 20–minute response time, frequency of callbacks, and restrictions on personal pursuits).

These decisions, coupled with various Opinion Letters of the Wage–Hour Administrator of the Department of Labor, however, are helpful in furnishing the factors critical to the determination of whether restrictions placed on employees during on-call hours are so extensive that such time should be deemed hours worked under the Act. These factors include: (1) geographical restrictions on employees' movements[5]; (2) the required response times[6]; (2) the frequency of calls during on-call hours[7]; (3) use of a pager[8]; (4) the ease with which on-call employees can trade on-call responsibilities[9]; (5) extent of personal activities engaged in during on-call time[10]; and (6) the existence and provisions of any agreement between the parties governing on-call work.[11] This list is illustrative, not exhaustive, and no one factor is necessarily dispositive.

■ It is important to note that there is a collective bargaining agreement between the parties disallowing payment for hours spent on-call, except when the coroners are responding to calls. Furthermore, plaintiffs knew when they accepted their positions that on-call duty was a condition of their employment. Defendants rely heavily upon these facts, claiming that the agreement bars plaintiffs' recovery. Defendants are only partially correct. The Supreme Court has held that the existence of a working agreement between the parties is one factor to consider in assessing

investigate all violent, sudden, unusual, and unattended deaths. *Id.*

4. Defendants rely heavily on 5 C.F.R. § 551.431 as providing useful assistance for determining when on-call time is compensable. Plaintiffs are correct in noting that this particular regulation is inapposite. Section 551.431 governs *federal* employees and is promulgated not by the Department of Labor, but by the Office of Personnel Management, pursuant to the Federal Employees Pay Act, 5 U.S.C. §§ 5501 *et seq.* In any event, the Court declines to consult this particular regulation because it excessively limits the occasions upon which on-call time will be deemed compensable under the Act. It shuns the more general tests developed by the Supreme Court and the regulations promulgated by the Department of Labor regulations in favor of a narrow, *per se* approach. For example, the regulation provides that if an employee carries a beeper, his on-call time is not compensable. *See* 5 C.F.R. § 551.431.

5. *See, e.g., Renfro,* 729 F.Supp. at 748–49.

6. *See, e.g., Renfro,* 729 F.Supp. at 748–49; Dept. of Labor, Wage and Hour Div., Ltr.Rul. No. 1695 (Nov. 15, 1988); Dept. of Labor, Wage and Hour Div., Ltr.Rul. (no number assigned) (Mar. 11, 1987).

7. *Brock v. El Paso Natural Gas Co.,* 826 F.2d 369, 373 (5th Cir.1987); *Clay,* 753 F.Supp. at 629; *Renfro,* 729 F.Supp. at 748, 751; Dept. of Labor, Wage and Hour Div., Ltr.Rul. No. 1695 (Nov. 15, 1988); Dept. of Labor, Wage and Hour Div., Ltr.Rul. No. 1693 (Sept. 8, 1988).

8. *See, e.g., Norton v. Worthen Van Serv., Inc.,* 839 F.2d 653, 655 (10th Cir.1988); *Allen v. United States,* 1 Cl.Ct. 649, 96 Lab.Cas. (CCH) ¶ 34,324, at 45,184, *aff'd without opinion,* 723 F.2d 69 (Fed.Cir.1983).

9. *Brock,* 826 F.2d at 373.

10. *See, e.g., Rousseau v. Teledyne Movible Offshore, Inc.,* 805 F.2d 1245, 1248 (5th Cir.1986), *cert. denied,* 484 U.S. 827, 108 S.Ct. 95, 98 L.Ed.2d 56 (1987); *Clay,* 753 F.Supp. at 629; *Renfro,* 729 F.Supp. at 751–52.

11. *See, e.g., Brock,* 826 F.2d at 374; *Rousseau,* 805 F.2d at 1248; *Allen v. Atlantic Richfield Co.,* 724 F.2d 1131, 1135–36 (5th Cir.1984); *Renfro,* 729 F.Supp. at 749.

whether on-call time redounds to the benefit of the employer or employee. *Skidmore v. Swift & Co.*, 323 U.S. 134, 137, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944); *see also Brock*, 826 F.2d at 374; *Rousseau*, 805 F.2d at 1248; *Allen*, 724 F.2d at 1135–36; *Renfro*, 729 F.Supp. at 749. Yet the existence of such an agreement is only *one* factor of several to consider. The language used by the Supreme Court in *Skidmore* is instructive on this point. The Court instructed that whether waiting time is compensable under the FLSA

> involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and *all the surrounding circumstances.*

*Skidmore*, 323 U.S. at 137, 65 S.Ct. at 163 (emphasis added).

While the existence and terms of such an agreement are factors for the Court's consideration, they are not controlling. It is well-settled that any custom or contract inconsistent with the FLSA is unenforceable. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981); *Jewell Ridge Coal Corp. v. Local 6167, United Mine Workers*, 325 U.S. 161, 166–68, 65 S.Ct. 1063, 1066–67, 89 L.Ed. 1534 (1945); *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local 123*, 321 U.S. 590, 602–03, 64 S.Ct. 698, 705, 88 L.Ed. 949 (1944). To hold otherwise would "nullify the purposes" of the Act. *Barrentine*, 450 U.S. at 740, 101 S.Ct. at 1445.[12]

▪ It is undisputed that plaintiffs' ability to engage in personal activities while on-call was and is circumscribed to some extent. It is also undisputed that plaintiffs carry a pager. Plaintiffs stress that a substantial amount of the work of the Coroner's Office is performed during on-call time. For instance, between the years 1985 and 1990, approximately 28–35 percent of all coroner reports have been received during on-call hours. The importance of on-call work to the Coroner's Office, however, is not the test for whether on-call hours are compensable. Rather, the test is employee-focused—namely, whether employees are so restricted during their on-call hours that they are effectively "engaged to wait" by their employer.

Although the parties have inundated the Court with every fact that could possibly bear on this litigation, the Court cannot ascertain the restrictiveness of Sonoma County's on-call policy at summary judgment because several material facts remain in dispute. With respect to defendants' liability the parties contest: (1) to what extent the coroners can and do engage in personal pursuits during on-call hours; (2) the amount of time coroners have to respond to calls; (3) the ease with which they can trade on-time responsibilities; (4) whether they may transport family members in their county vehicles, or whether family members must travel in separate cars; (5) whether they must remain within Sonoma County; (6) the number and frequency of miscellaneous work-related calls they receive which are not reflected in the Coroner's Office's statistics; (7) whether plaintiffs' on-call duties are similar to and as demanding as their regular duties; (8) the frequency with which they are "called back" to a death site or to the Coroner's Office.[13]

---

**12.** There is a seeming inconsistency between the Supreme Court's holding that the agreement between the parties is a factor to consider and its holding that agreements in violation of the FLSA are unenforceable. This apparent inconsistency may be resolved by resort to language in Supreme Court opinions suggesting that courts may consider the presence and terms of a working agreement when "difficult and doubtful questions as to whether certain activity or nonactivity constitutes work" are involved. *Jewell*, 325 U.S. at 169–70, 65 S.Ct. at 1067–68;

*see also Tennessee*, 321 U.S. at 603, 64 S.Ct. at 705.

**13.** The parties appear to agree on the frequency with which plaintiffs have engaged in investigations during on-call hours (ranging from an average of one in every 3.82 hours in 1988 to one in every 8.33 hours in 1989). Defendants introduce evidence to the effect that the frequency of *call-backs* (the occasions on which plaintiffs must report to a death scene or the Coroner's Office) is only one in every 17–21

All the disputed facts relate to the flexibility with which the coroners can contend with their on-call responsibilities. The degree of flexibility they possess in turn determines their ability to engage effectively in personal pursuits while on-call. While any one of these contested facts might not, standing alone, be material in resolving the cross-motions for summary judgment, the facts must be considered together to enable the Court to determine whether under "all the circumstances" plaintiffs' on-call time redounded more to their benefit or to the benefit of their employer. Since what is before the Court is insufficient to resolve this central question, the case must proceed to trial.

■ Finally, the parties dispute issues relating to damages. Assuming that the FLSA requires defendants to pay plaintiffs backpay for all on-call time, the parties dispute whether defendants "willfully" violated the Act and whether their purported violation was committed in bad faith. The statute of limitations for "willful" violations of the Act is three years, but only two years for non-willful violations. 29 U.S.C. § 255(a). In addition to backpay, employers in violation of the FLSA must pay liquidated damages in an amount equal to the unpaid overtime compensation, 29 U.S.C. § 216(b), unless their violation of the Act was in "good faith." 29 U.S.C. §§ 259–260. The evidence submitted by both parties demonstrates that there is a genuine dispute of fact regarding defendants' willfulness and good faith in allegedly violating the FLSA. As with defendants' liability, the Court cannot resolve this issue at this stage of the proceedings.

Accordingly,

IT IS HEREBY ORDERED that both plaintiffs' and defendants' motions for summary judgment are DENIED.

on-call hours. *See* Siebe Decl., para. 14. Plaintiffs object to this evidence on the ground that Mr. Siebe alludes to statistics on the subject, yet does not provide them. Moreover, plaintiffs specifically requested discovery from defendants regarding call-back statistics, but defendants refused to comply. Plaintiffs' objection to the evidence on call-backs is well-taken. The Court views the frequency of call-backs as unresolved.