Donald SHAMBLIN, Plaintiff,

v.

CITY OF COLCHESTER, Defendant.

No. 91–1078.

United States District Court,
C.D. Illinois,
Peoria Division.

April 16, 1992.

---

Steven D. Rittenmeyer, Macomb, Ill., for plaintiff.

J. Reed Roesler, Keck Mahin & Cate, Peoria, Ill., Brian Holland, Holland & Holland, Bushnell, Ill., for defendant.

## ORDER

McDADE, District Judge.

Before the Court is Plaintiff's Motion For Summary Judgment (Doc. 14, Part 1) and the Defendant City's Motion For Summary Judgment (Doc. 19, Part 1). For the foregoing reasons, both motions are denied, and this case is referred back to the Magistrate Judge.

## THE LEGAL STANDARDS

Plaintiff claims that the City violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Illinois Minimum Wage Act, 48 Ill.Rev.Stat. ¶ 1001 et seq., in failing to compensate Plaintiff for the "on-call" time spent by Plaintiff while employed as a police officer for the City. Plaintiff has moved for summary judgment on the grounds that the undisputed facts show that his "on-call" time should be considered working time for the purposes of the two acts because while on call, he was restricted from effectively using his time for personal pursuits. Defendant has moved for summary judgment on the ground that the undisputed facts demonstrate that Plaintiff's "on-call" time should not be considered working time for the purposes of the two acts.

Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.,* at 251–52, 106 S.Ct. at 2511–12. As to each motion, separately considered, the Court must view all inferences to be drawn from the facts in a light most favorable to the opposing party. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10.

■ Time spent away from the employer's premises while on call may be compensable under certain circumstances. Whether such time falls within or without the Fair Labor Standards Act (and also the Illinois Minimum Wage Act) is a question of fact to be resolved by appropriate findings of the trial court. *Armour & Co. v. Wantock,* 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944), *reh'g denied,* 323 U.S. 818, 65 S.Ct. 427, 89 L.Ed. 649 (1945); *Skidmore v. Swift & Co.,* 323 U.S. 134, 136–37, 65 S.Ct. 161, 162–63, 89 L.Ed. 124 (1944). "Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged." *Skidmore,* 323 U.S. at 137, 65 S.Ct. at 163. The focus is on "whether time is spent predominantly for the employer's benefit or for the employee's" and the degree to which an employee can engage in personal pursuits while on call is critical in determining whether on-call time is compensable time.

*Armour,* 323 U.S. at 133–34, 65 S.Ct. at 168–69; *Skidmore,* 323 U.S. at 136–39, 65 S.Ct. at 162–64. In *Armour,* the Court stated that determination of whether on-call time is compensable "involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances." *Skidmore,* 323 U.S. at 137, 65 S.Ct. at 163.

The Department of Labor has promulgated regulations that provide guidance as to whether the on-call time of public employees is compensable under the FLSA. These regulations state, in relevant part, as follows:

§ 785.17 On-call time.

An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call. 29 C.F.R. Pt. 785.17

§ 553.221 Compensable hours of work.
(c) Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits also constitutes compensable hours of work ...
(d) An employee who is not required to remain on the employer's premises but is merely required to leave word ... where he or she may be reached is not working while on call. Time spent at home on call may or may not be compensable depending on whether the restrictions placed on the employee preclude using the time for personal pursuits. Where, for example, a fire fighter has returned home after the shift, with the understanding that he or she is expected to return to work in the event of an emergency in the night, such time spent at home is normally not compensable. On the other hand, where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on call is compensable. 29 C.F.R. Pt. 553.221.

■ The Court cannot conclude as a matter of law that the conditions of the on-call status here are so circumscribed that they restrict the Plaintiff from effectively using his time for personal pursuits on the facts presented by the Plaintiff. Nor can the Court conclude as a matter of law that Plaintiff is not restricted from effectively using his time for personal pursuits on the facts as presented by Defendant.

FACTUAL SCENARIO OF THE CASE

With respect to the parties' motions, the following facts are undisputed. In his capacity as a Colchester police officer, Plaintiff was required to patrol for eight hours and be on-call for sixteen hours each day he was assigned to duty. Plaintiff was required to be on-call every other weekend. Plaintiff was not required to remain at the police station while on-call. While serving on-call, Plaintiff was required to maintain possession and control of the only automobile used for police purposes. Plaintiff was required to restrict his movements to the Colchester vicinity, traveling no further than Macomb. Plaintiff was required to be in constant possession of a portable two-way radio when on-call and was required to report his whereabouts to his employer. When Plaintiff was unable to keep up with the service charges on his home telephone, he agreed to have the City install a telephone line carrying the Colchester police department number, requiring him to use a pay telephone for private calls.

The response time to any calls received by Plaintiff while on call was to be immediate. Plaintiff was not sure how often and on what dates he was called, but estimated that he received one to two calls per on call tour. (Shamblin Dep. 56–57, 89–90). The "Summary of Shift and 'On–Call' Time," compiled by Plaintiff's counsel from the MSCO Operating logs reflected that Plaintiff worked approximately 274 days while

employed as a police officer for the City, and that on at least 233 of those days, Plaintiff received calls during on-call time, and the average time spent rendering service during these on-call periods was approximately two hours.

The Personnel Code of the City of Colchester states that:

> Work schedules are determined on the basis of the needs and requirements of each department and designed to provide effective service to the City of Colchester ... It may be necessary for employees to work on alternating weekends in order to have seven day coverage for all operations ... The Police Department may be required to work a different schedule ... in order to perform required duties.

The Police Manual defining the areas of responsibilities of the Colchester Police Department states:

> *Devote Whole Time to Police Work.* Officers shall devote their entire time and attention to the service of the department and they are prohibited from following any other calling or engaging in any other business. They may, with the consent of the Chief of Police, serve during their off duty time, if such additional work does not interfere with the officer's performance of their regular duty. Such extra duties must be reported, report must state duration, if known. If not known, reports must be made when extra duties are ended.
>
> *Off Duty Hours.* Officers are held to be always on duty, although periodically relieved from the routine performance of it. They are always subject to orders from superior officers and to calls from civilians and the fact that they may be technically off duty shall not be held as relieving them from the responsibility of taking proper police action in any matter coming to their attention.

The parties dispute to what extent Plaintiff could and did engage in personal pursuits during on-call hours. For example, the extent to which Plaintiff was able to and did spend time with his children and friends while on call is disputed. The ex-

tent to which Plaintiff could and did work at other jobs while on call is disputed. The extent to which Plaintiff was able to and did sleep while on call is disputed. The extent to which Plaintiff could and did engage in activities such as doing laundry, watching movies, eating out, and getting groceries is disputed.[1]

I. *Plaintiff's Motion For Summary Judgment Is Denied.*

Plaintiff has moved for summary judgment on the grounds that the conditions of the on-call status restricted plaintiff from effectively using his time for personal pursuits. The Court must deny Plaintiff's motion for summary judgment. First, as shown above, there are disputed issues of material fact regarding the extent to which Plaintiff was able to and did engage in personal pursuits during his on-call time. *Berry v. County of Sonoma,* 763 F.Supp. 1055 (N.D.Cal.1991). Further, this case is distinguishable from *Renfro v. City of Emporia, Kansas,* 729 F.Supp. 747 (D.Kan. 1990), *aff'd,* 948 F.2d 1529 (10th Cir.1991), *cert. dismissed, City of Emporia, Kansas v. Renfro,* —— U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992), relied on by Plaintiff. In *Renfro,* the court entered summary judgment because of the significant number of callbacks that the fire fighters actually received and frequency of callbacks:

> the on-call periods are 24–hours in length; and primarily, that the calls are frequent—a fire fighter may receive as many as 13 calls during an on-call period, with a stated average frequency of 3–5 calls per on call period. The court finds that under the circumstances of this case, with a 20–minute response time for each of 3–5 calls (as an average) during a 24 hour period with each call-in lasting one hour, along with the fact that fire fighters are subject to discipline for late or missed calls, the employees' time is so restricted by the frequency of calls that employees cannot effectively use on-call

---

**1.** Apparently, the evidence is unclear regarding the trading of on-call responsibilities.

time for their own purposes. *Renfro,* 729 F.Supp. at 751.

In this case, Plaintiff estimated that he received one to two calls per on-call tour. The "Summary of Shift and 'On–Call' Time" compiled by Plaintiff's counsel reflects that on 233 of the 274 days that Plaintiff was employed by the City, Plaintiff received calls during on-call time, and the average time spent rendering service during the on-call periods was approximately two hours. Viewing the inferences to be drawn from these and the other undisputed facts, and given the existence of disputed facts regarding the extent of Plaintiff's actual ability to engage in personal pursuits while on call, the Court cannot rule that Plaintiff is entitled to a judgment as a matter of law. Accordingly, Plaintiff's motion for summary judgment is denied.

## II. *Defendant's Motion For Summary Judgment Is Denied.*

Defendant moves for summary judgment on the grounds that Plaintiff was not restricted from effectively using his on-call time for personal pursuits. The Court must deny Defendant's motion for summary judgment. As previously stated, the facts are disputed regarding the extent to which Plaintiff was able to and did engage in certain personal pursuits while on call. Further, this case is distinguishable from *Bright v. Houston Northwest Medical Center Survivor, Inc.,* 934 F.2d 671 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992), relied on by Defendant. In *Bright,* the undisputed facts showed that plaintiff, a biomedical equipment repair technician, was free to go wherever and do whatever he wanted while on call subject only to the following three restrictions: (1) he must not be intoxicated or impaired to the degree that he could not work on medical equipment if called to the hospital, although total abstinence was not required (as it was during the daily work shift); (2) he must always be reachable by beeper; and (3) and he must be able to arrive at the hospital within approximately 20 minutes from the time reached on the beeper. The undisputed facts demonstrate that the restrictions on Plaintiff in this case

were greater than these. Summary judgment will not be granted based on certain cases referred to in *Bright,* because here Plaintiff contends that his ability to engage in normal personal activities within his own home, such as spending time with family, entertaining friends, and sleeping, was severely restricted by the nature of his on-call duties. There is a dispute of fact regarding the extent to which Plaintiff was able to and did engage in these types of activities, which cannot be resolved by the Court on a motion for summary judgment. Construing all inferences to be drawn from the undisputed facts in favor of Plaintiff, and given the material nature of the disputed facts, the Court cannot grant summary judgment in favor of Defendant. Accordingly, Defendant's motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, both motions for summary judgment are DENIED, and this case is referred back to the Magistrate.